**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| v. | **:** | **Criminal No. 21-CR-289 (RDM)** |
| | **:** | |
| **[1] PHILIP C. VOGEL, II,** | **:** | |
| (AKA "Flip") | **:** | |
| **[2] DEBRA J. MAIMONE,** | **:** | |
| Defendants. | **:** | |

**JOINT STATUS UPDATE, JOINT MOTION TO CONTINUE, AND**
**JOINT MOTION TO CONTINUE EXCLUDING TIME UNDER THE**
**SPEEDY TRIAL ACT**

The United States of America and both attorneys for defendants file the motion

to inform this Court of the status of the case, to jointly move this Court for a ninety-

day continuance—until Tuesday, August 24, 2021—of the above-captioned

proceeding, and further to jointly move that this Court exclude the time within which

the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the

basis that the ends of justice served by taking such actions outweigh the best interest

of the public and the defendants in a speedy trial pursuant to the factors described in

18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

In support of its motion, the government states as follows:

**STATUS UPDATE**

Since the last Status Conference on April 20, 2021, counsel for defendants have

continued reviewing the preliminary discovery that the United States has served on

defendants through their counsel. Still pending for the government to provide to defense counsel is the specific CCTV footage from the U.S. Capitol where the government has identified the defendants, Mr. VOGEL and Ms. MAIMONE. The government has provided screenshots of the CCTV footage and hyperlinks to the open-source media in which the defendants are allegedly seen inside the Capitol. The government anticipates that if the Court grants the jointly requested ninety-day continuance to Tuesday, August 24, 2021, the parties will be able to find a mutually convenient way for the attorneys for the defendants to view the CCTV footage from inside the Capitol.

The parties have engaged in preliminary and good faith plea negotiations. At this time, the parties believe that this case will be able to be resolved with a plea agreement and without a jury trial. The parties jointly ask the Court for an additional ninety days, until Tuesday, August 24, 2021, to be able to continue plea negotiations.

**THE GOVERNMENT'S POSITION ON WHY A CONTINUANCE IS NECESSARY AND EXCLUDABLE FROM ANY CALCULATION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT IN THE INTERESTS OF JUSTICE**

Defendants are charged via Information with offenses related to crimes that occurred at the United States Capitol on January 6, 2021 (hereinafter "Capitol Attack"). The investigation and prosecution of the Capitol Attack will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. While most of the over four-hundred cases brought so far have been against individual defendants, the government is also

investigating conspiratorial activity that occurred prior to and on January 6, 2021.

Defendants charged and under investigation come from throughout the United States, and a combined total of over 1,300 search warrants have been executed in almost all fifty states and the District of Columbia. Multiple law enforcement agencies were involved in the response to the Capitol Attack, which included officers and agents from U.S. Capitol Police, the District of Columbia Metropolitan Police Department, the Federal Bureau of Investigation, the Department of Homeland Security, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Secret Service, the United States Park Police, the Virginia State Police, the Arlington County Police Department, the Prince William County Police Department, the Maryland State Police, the Montgomery County Police Department, the Prince George's County Police Department, and the New Jersey State Police. Documents and evidence accumulated in the Capitol Attack investigation thus far include: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 1,600 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 210,000 tips, of which a substantial portion include video, photo and social media; and (e) over 80,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps. As the Capitol Attack investigation is still on-going, the number of defendants charged, and the volume of potentially discoverable materials will only continue to grow. In short, even in cases involving a single

defendant, the volume of discoverable materials is likely to be significant.

The United States is aware of and takes seriously its obligations pursuant to Fed. R. Crim P. 16 and Loc. Crim. R. 5.1(a); the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972); and the Jencks Act, 18 U.S.C. § 3500. Accordingly, the government, in consultation with the Federal Public Defender, is developing a comprehensive plan for handling, tracking, processing, reviewing, and producing discovery across the Capitol Attack cases. Under the plan, the discovery most directly and immediately related to pending charges in cases involving detained defendants will be provided within the next thirty to sixty days. Cases that do not involve detained defendants will follow thereafter. Such productions will also be supplemented on an on-going basis. In the longer term, the plan will include a system for storing, organizing, searching, producing and/or making available voluminous materials such as those described above in a manner that is workable for both the government and hundreds of defendants. This latter portion of the plan will require more time to develop and implement, including further consultation with the Federal Public Defender.

The defendants in this case are charged with five counts including the following offenses: (1) theft of government and aiding and abetting theft of government property in violation of 18 U.S.C. §§ 641 and 2; (2) entering and remaining in a restricted building without lawful authority in violation of 18 U.S.C. § 1752(a)(1); (3) disorderly and disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2);

(2); violent entry and disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court shall exclude "in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. . . .
>
> (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* § 3161(h)(7)(B)(ii) and (iv)).

An interest of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant

such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Developing a system for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such system will be workable for both the government and defense, will take time. Even after a system generally agreeable to the government and the Federal Public Defender is designed and implemented, likely using outside vendors, it will take time to load, process, search, and review discovery materials. Further adding to production and review times, certain sensitive materials may require redaction or restrictions on dissemination, and other materials may need to be filtered for potentially privileged information before they can be reviewed by the prosecution.

The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See*, *e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling eighteen months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District

Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (district court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir.

2011) (upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

**JOINT REQUEST TO CONTINUE FOR NINETY DAYS, TO TOLL THE SPEEDY TRIAL ACT, AND TO VACATE THE STATUS CONFERENCE SET FOR TUESDAY, MAY 25, 2021**

Government counsel notified counsel for both defendants of the filing of this motion. Both attorneys for both defendants join the government in requesting that the Court grant a continuance of the case until Tuesday, August 24, 2021, a period of ninety days. The parties further jointly recommend that the Court exclude the requested ninety-day continuance from any calculations made under the Speedy Trial Act in the interests of justice and for any other reason in the sound discretion of the

Court. If the Court is inclined to grant these joint recommendations of the parties, the parties also ask this Court to vacate the Status Conference currently set for Tuesday, May 25, 2021, via video-teleconference.

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the parties respectfully request that the Court grant the jointly requested ninety-day continuance, exclude the time from STA calculations, and vacate the Status Conference set for May 25, 2021.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: _____
SEAN P. MURPHY
Assistant United States Attorney, Detailee
D.C. Bar No. 1187821
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
sean.murphy@usdoj.gov
787-282-1857 (office)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

SEAN P. MURPHY
Assistant United States Attorney, Detailee
D.C. Bar No. 1187821