UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 21-cr-289 |
| DEBRA J. MAIMONE, | |
| Defendant. | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR PERMISSION TO ATTEND THANKSGIVING CELEBRATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Debra Maimone's motion for permission to attend Thanksgiving Celebration at her father's residence. (ECF 87).

### OVERVIEW

On August 28, 2023, the Court sentenced the defendant to two years' probation with a condition that she be confined to her residence for a period of 120 days, with certain exceptions. Filing 83, p. 4. In her motion, the defendant seeks permission from the Court to attend Thanksgiving at her father's house, located 45 minutes away from her home. The defendant does not identify any other reason beyond that holiday to support her request.

The Government respectfully opposes the defendant's request. The defendant has not identified any specific reason why she should be allowed to travel to her father's residence for the holiday, nor has she identified why her father could not travel to the defendant's residence for the holiday. Therefore, this Court should deny the defendant's request for an additional exception to her terms of home detention.

1

## BACKGROUND

The facts of this case are described in detail in the Statement of Offense (ECF 61), the final PSR (ECF 71), and the government's memorandum in aid of sentencing (ECF 74 at 3-14). In short, the defendant came to Washington, D.C. and she participated in the January 6, 2021, insurrection at the U.S. Capitol. She unlawfully crossed onto prohibited property and entered the U.S. Capitol. Inside the Capitol, the defendant was recorded inside the Crypt, stating "It's amazing", and she posted this video to her social media account. (ECF 74, at 4-5). The defendant filmed violent rioters as they pushed officers at the East Rotunda door, and she posted this video online. (ECF 74, at 6-7). The defendant and her co-defendant, Phillip Vogel, joined other rioters that went to the third floor of the Capitol, and they entered the Senate Gallery. (ECF 74, at 10). The defendant took a gas mask from the hallway outside the Senate Gallery, a black duffel bag from the Senate Gallery, and an escape hood from a police bag located outside the Senate Gallery. (ECF 74 at 8-11). The defendant helped another rioter conceal an additional gas mask in his backpack. (ECF 74 at 8-9). The defendant was inside the capitol for 24 minutes. On January 7, 2021, the defendant posted bragged about rioters "taking" the Capitol. (ECF 74 at 13).

The defendant pled guilty to one count of violating 18 U.S.C. § 641, 111(a)(1) and (b).

After full briefing at sentencing, on September 8, 2023, this Court sentenced defendant to twenty-four months' probation. (Filing 83). A tern of her probation, she was sentenced to 120 days home detention, with exceptions for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by her probation officer. (Filing 83, p. 4).

The defendant did not appeal her sentence.

On November 9, 2023, the defendant moved for a modification of her home detention to attend a holiday celebration on Thanksgiving at her father's house. (ECF 87).

### **ARGUMENT**

The government respectfully opposes the defendant's request for an additional exception to her period of home detention. Generally speaking, federal courts may not modify a term of imprisonment after it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). This rule of finality "is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011); s*ee also* 18 U.S.C. § 3582(b).

The defendant's sentence includes a limited period of home detention as a part of her term of probation. (Filing 83 at 4). The Court's judgment included a number of exceptions to the home confinement, including employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by her probation officer. Visits to family for holidays were not included as an exception to her period of home confinement. Compliance with the defendant's sentence is expected, and a consequence of the defendant's actions at the Capitol on January 6, 2021. The sentence imposed by this Court is designed to deter criminal activity by this defendant. Further exceptions would lessen the significance of the defendant's sentence.

The defendant has not stated why this modification to her home detention is warranted, beyond a celebration of a holiday. The defendant has not indicated she has explored alternative holiday plans that would not require a change in her sentence. For example, the defendant has not indicated why her father could not celebrate the holiday at the defendant's residence. According to her motion, her father lives within an hour of her residence, so her father's travel requirement would not be excessive. Hosting the holiday at the defendant's residence would comply with the

terms of her home detention. The defendant has not identified any extraordinary or compelling circumstances in support of her request to travel for the holiday, such as an inability of her father to travel, or any special needs for the defendant to attend this particular holiday celebration. Further, if the Court were to grant this motion, it may encourage the defendant to seek additional exceptions to her term of home detention for other holidays that fall within her 120-day period of home detention, such as, for example, Christmas or New Years Day.

## **CONCLUSION**

For the reasons above, the defendant has not shown that she is entitled to a modification of her terms of probation, specifically the terms of her home detention. Accordingly, the Court should deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

 /s/ Lynnett M. Wagner
Lynnett M. Wagner
Assistant United States Attorney
Nebraska Bar No. 21606
601 D Street, NW
Washington, D.C. 20530
Lynnett.m.wagner@usdoj.gov
(402) 661-3737