UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBRA J. MAIMONE,<br><br>           Defendant. | Crim. Action No. 21-CR-289(RDM) |

**REPLY TO GOVERNMENT'S OPPOSITON TO MS. MAIMONE'S MOTION TO ATTEND THANKSGIVING CELEBRATION WITH FAMILY**

Comes now, defendant Debra Maimone, ("Ms. Maimone" or "Debra") through counsel and respectfully files this Reply to the government's Opposition to her Motion for an Order permitting her to celebrate Thanksgiving with family.

In its Opposition, the government does not and indeed cannot argue that Ms. Maimone has incurred a single violation of conditions of release since her arrest on March 19, 2021. Instead, the government principally argues that the defense has failed to identify "any specific reason why she should be allowed to travel to her father's residence for the holiday." Gov. Opp. at 1.

Undersigned counsel has since further investigated the need for Ms. Maimone to visit family as opposed to hosting the celebration at her home. In doing so, counsel has learned that counsel initially misunderstood Ms. Maimone's request. Ms. Maimone seeks to attend Thanksgiving at her *grandfather's* house, not her father's house. Her grandfather, Basil Maimone, lives in Carnegie, PA, close to her parents,

hence counsel's confusion. Basil is 84 years old and is physically frail.[1] He does not leave the home very often. Thus, he would not be able to travel to Ms. Maimone's house for Thanksgiving. Moreover, as millions of Americans do, the family has a tradition—dating back decades—of having Thanksgiving at the grandfather's house. Since Debra was a little girl, the extended family has gathered at Basil's house. Debra's mother, Sharon Maimone, explains the family has gathered there for 34 years.[2] It would take considerable effort at this point to arrange for the family to gather at Debra's house.

Next, the government appears to argue that denying Debra the ability to celebrate Thanksgiving with her family might undermine the deterrent impact of her sentence. As set forth at length in the defense Memorandum in aid Sentencing, ECF. No. 81, Debra has amply demonstrated that specific deterrence has been achieved. Where there have been absolutely no violations of conditions for over three years, denying Debra the ability to see her family may serve to undermine respect for the law as an arbitrary and excessive punishment for misdemeanor offense.[3]

---

[1] *See* emails from Sharon and Robert Maimone, describing Basil's condition, attached as Exh. 1.

[2] Id.

[3] The defense in no way argues that Ms. Maimone's offense was not serious and appreciates that her offense was not the average misdemeanor theft. That said, she has accepted responsibility for her conduct and has experienced significant consequences from it.

For the reasons herein, counsel's initial motion, and the entire record, Debra Maimone respectfully requests that the Court enter that the proposed Order permitting her to attend Thanksgiving celebration with her family.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Elizabeth Mullin
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500